Sue Ellen Tatter
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
601 West Fifth Avenue, Suite 800
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　vs.<br><br>ROBERT MICHAEL GUNNIP,<br><br>　　　　　Defendant. | NO. 3:06-cr-00060-JWS<br><br>**SENTENCING MEMORANDUM OF THE DEFENSE** |

The defendant, ROBERT MICHAEL GUNNIP, through counsel, presents this memorandum for sentencing scheduled on December 6, 2006, at 8:30 a.m.

**I.　　INTRODUCTION**

Robert Gunnip is a moral person, a good worker and a loving father. But, at the age of 48, his addiction to cocaine led him to rob four banks during a four-week period. Mr. Gunnip has struggled with this addiction throughout his life, although he maintained employment and did not commit crimes. He has been in treatment programs and been sober for as long as two years, but experienced continual relapses. Now, however,

speaking to his children through glass at the jail, suffering from hepatitis C and, nearly 50, facing his own mortality, he has a strong incentive to put the cocaine demon behind him.

The defense intends to call two witnesses at sentencing: Mr. Gunnip's son Sam, a police officer with the Air Force, and his teenaged daughter Jasmine, a high school student. These witnesses will describe their relationships with their father at sentencing.

Mr. Gunnip has been cooperative with investigators and contrite with the court. The defense has no factual or guidelines dispute with the pre-sentence report. However, the defense believes the pre-sentence report recommendation of 60 months is greater than necessary to achieve the statutory sentencing objectives. The defense believes a sentence of 48 months, with a strong recommendation for the Bureau of Prison's intensive drug program and supervised release with community aftercare, can address the statutory factors.

## II.    NATURE AND CIRCUMSTANCES OF THE OFFENSES

From a teller's perspective, there are no benign bank robberies. Even without verbal threats or pistol-waving, forceful confrontation at work creates lasting fears and insecurity. Mr. Gunnip does not deny that he committed five separate bank robberies (robbing one bank twice) and took money by, essentially, a threat of force.

The bank robberies were somewhat amateurish, and Mr. Gunnip is easily identifiable in the surveillance photos. He used a note rather than verbal threats. He was not armed. He confessed to the FBI. The loss to the banks is approximately $26,000.

The bank robberies here are serious crimes, both threats to individuals and disruption of banking businesses on which we all depend. The seriousness is reflected in the statutory terms and the guideline offense levels. However, these bank robberies are not, in the universe of bank robberies before this court, especially brutal or exceptionally heinous. They are deserving of serious but reasonable prison terms.

It should be noted that the seriousness of the crimes is reflected in the Bureau of Prisons classifications policies. Even if Mr. Gunnip completes the drug and alcohol program, he will be ineligible for early release because of the nature of his offenses. In addition, he is likely to be ineligible for camps or furloughs to halfway houses. Unlike a marijuana grower or an embezzler, he is likely to do all the time the court imposes.

### III.     HISTORY AND CHARACTERISTICS OF THE DEFENDANT

Mr. Gunnip is a 48-year-old man from New England. He has consistently been close to family members, and has significant family support. Mr. Gunnip has a good relationship with his parents, and recently returned to Vermont to assist his family in caring for his brother David who suffered from a brain aneurysm. Mr. Gunnip remains close to David and his younger brother Jon, who has worked at Spenard Builders in Anchorage for decades, and who is supporting Robert Gunnip during these court proceedings.

Mr. Gunnip and his former wife Diane had two children – Samuel Gunnip, 21, the police officer, and Meredith Gunnip, 22 a cosmetologist. Both these children feel their father is a good man who needs a drug program. Diane, a nurse, was distressed by Mr. Gunnip's addiction, but remains supportive of him and eager for his sobriety.

Mr. Gunnip also had a relationship with Pamela Henry in Alaska. They have a child Jasmine, who is 17 and dearly loves her father. She hopes he can receive a reasonable sentence and drug treatment. Mr. Gunnip also helped raise Pamela's daughter Sierra. Pamela and Sierra also are fond of Mr. Gunnip and supportive of rehabilitation.

Mr. Gunnip has done construction work and cab driving. He consistently earned his own living and helped his family. He brought his younger brother Jon to Alaska. Initially, he supported his own addiction, but the quantity and frequency kept increasing. He acquired hepatitis C. He associated with other drug users and street people. Eventually he fell to robbing banks.

An important factor in Mr. Gunnip's history is his age. When people pass midlife and confront the inevitable end, serious changes are possible. The illusions of living forever or multiple chances disappear. In addition, cases have recognized that recidivism of older defendants is low. See, e.g., Simon v. United States, 361 F.Supp.2d 35 (E.D.N.Y. 2005).

Another significant characteristic here is the consensus, among people who know him, that Mr. Gunnip is a good man. He does not appear beset with mental problems, lack of skills or social problems. He has serious addiction issues. Once they are addressed, it is unlikely he will re-offend.

## IV.    NEED FOR THE SENTENCE IMPOSED

The court must consider broad social objectives such as respect for the law, deterrence, protection of the public, rehabilitation, alternative sentences and restitution.

18 U.S.C. § 3553(a)(2). These objectives all suggest that multiple years is prison are called for here. But the court must make the difficult calculation of the exact prison term which recognizes these objectives but is not "greater than necessary." Thus the statute apparently eschews the concept of letting someone rot in prison for years after the public danger and other problems have passed.

In view of Mr. Gunnip's age, amenability to drug treatment, family support during the period of incarceration and supervised release, the statutory objectives can be addressed by a slightly shorter prison term than proposed by the sentencing guidelines. The ability of the probation office to monitor drug use and require testing and aftercare, and the likelihood that Mr. Gunnip will accept supervision well, suggest that five years in prison is "greater than necessary," and that four years is "sufficient."

### V.    CONCLUSION

The defense requests a four-year jail term followed by supervised release with conditions of drug monitoring and drug treatment. The defense requests the court to include a strong recommendation that Mr. Gunnip be placed in a facility with access to the drug and alcohol program.

DATED this 29th day of November 2006.

Respectfully submitted,

s/Sue Ellen Tatter
Assistant Federal Defender
601 West Fifth Avenue, Suite 800
Anchorage, AK 99501
Phone:      907-646-3400
Fax:          907-646-3480
E-Mail:      sue_ellen_tatter@fd.org

Certification:
I certify that on November 29, 2006,
a copy of the **Sentencing Memorandum of the Defense** was served electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

and a copy was hand delivered to:

U.S. Probation & Pretrial Services
222 W. 7th Avenue, #48, Room 168
Anchorage, AK 99513-7562

s/Sue Ellen Tatter